**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-41454
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPIDIO DONIAS GONZALEZ, also known as "PIO",

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CR-2-1)

August 10, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Alpidio Donias Gonzalez appeals his conviction and sentence for conspiracy to possess marijuana and possession with intent to distribute marijuana. Gonzalez alleges that the district court erred in failing to grant his motion for acquittal because the testimony of two cooperating codefendants was insufficient as a matter of law to support the jury's guilty verdict and erred in finding that Gonzalez exercised a leadership role in the offense.

The district court did not err in denying Gonzalez's motion

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for acquittal. *See United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994) ("[A] guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face . . . [meaning that the testimony] relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature.") (citations omitted). We also find no clear error in the district court's factual finding that Gonzalez exercised a leadership role in the offense. *See United States v. Shipley*, 963 F.2d 56, 59-60 (5th Cir. 1992) (finding no clear error in the district court's determination that the defendant acted as a leader because crediting the testimony of certain codefendants was a "permissible credibility decision" left to the district court and did not render such determination "[im]plausible in light of the record as a whole").

AFFIRMED.